May I please reserve two minutes for rebuttal, if necessary? Just keep an eye on the clock there, and you have whatever is on the clock when you sit down. It's yours. Thank you, sir, very much. I'd like to briefly go over the facts of this case. Now, this is an appeal granting a summary judgment disposing of the lawsuit that Rivercard filed, a second lawsuit that Rivercard had filed. The facts are, and that's in both fashion, that Rivercard, LLC had an agreement whereby Patriquin, defendant, would be the escrow holder, and there would be certain conditions precedent before the release of escrow funds in order for this escrow agreement to have full effect, for a contractual effect. It's our position that there was no conditions precedent that were satisfied, that Patriquin made misrepresentation, material misrepresentation to Rivercard. Rivercard deposited $800,000 into the trust account of Patriquin, who is an attorney in Ontario, as well as our understanding that he released these funds, knowing that the conditions precedent to the escrow agreement to have effect had not been satisfied. But the Rivercard person had said, released the funds. Yes, he did, upon those misrepresentations made by Patriquin. What misrepresentations? He told the principal of Rivercard that a license agreement and other necessary requirements for the escrow agreement to have effect had, in fact, been satisfied. In the excerpt's record on page 47, there is the escrow agreement. It provides that for the escrow agreement to have effect, Rivercard is to deposit $1 million into the escrow trust account, I should say, that was being maintained by Patriquin. That was not done. $800,000 was deposited. Patriquin believed that there had been the $1 million deposited. Couldn't he check? Sorry? Couldn't he check? Couldn't he check? Patriquin? Yes, absolutely. Yes, he believed that the $1 million had been. It's murky, Your Honor. He goes back and forth in his testimony during the litigation. Well, but this is not the kind of thing that's sort of an internal fact that nobody would know. This is the kind of thing you can check on. I mean, so you don't have to take anybody's word for it. This is why you have escrows. That's right. And the escrow holder has to, as a fiduciary, has those duties to provide good faith and fair dealing to both parties. Here, Patriquin's saying, I'm going to wear two hats, although under the escrow agreement I'm going to be the attorney for Post Oak, I'm also going to be making representations and facilitating this deal, this venture, if you will, between River Card and Post Oak. What about your statute of limitations problem? We do have a statute of limitations problem. If the court was to find that the escrow agreement is in effect, there is a problem in that Ontario law was the choice between the parties. It was drafted. The escrow agreement was drafted by Patriquin and presented to River Card. River Card did sign and it agreed that there would be a choice of law under Ontario law, that there would be two years under the escrow agreement. However, that was not brought up. Of course, this is part of our argument, that the notice that there was a two-year statute of limitations under Canadian law was not reasonably provided as far as notice. It was provided at summary judgment, right? It was provided at the moment of summary judgment after disclosure. Which is way before trial. Usually it's okay so long as you do it at or before the pre-trial conference. It was raised in a context, summary judgment, where it can be addressed. I mean, so it's not like it was taken by surprise, you know, in the middle of trial and they say, ah-ha. You know, it's presented in briefs. If you need further discovery on that, I'm not saying you should. You would, necessarily, but, you know, there's a provision in the summary judgment rules for holding the response so you can take discovery on the very issue. So I don't see how you can claim that this was raised too late. When do you think it should have been raised? It should have been raised initially in the previous litigation. It was never raised at that point in time. Judge Mahan decided that there was not enough here that was initially pled regarding the fraud claims that were initially brought. In the previous litigation? Yes, there was the first litigation. Patrickman was sued as well as some of the other post-Oak principles under theories of fraud. But, counsel, in the answer, I'm looking at it right now, the 20th affirmative defense is claims are barred by the applicable statute of limitation. Yes. Why wasn't that enough right there? The contract says Ontario law. It says it's barred by the statute of limitation. Why isn't that enough to put the other side on notice? That provides that there's a statute of limitations of the affirmative defense that may be raised as far as Nevada law, under the Nevada Constitution, that we believe that there was not adequate notice pursuant to Federal Rules of Procedure 44.1 and that at no point in time in the affirmative defenses did Patrickman ever say, there is a statute of limitations issue because there was an application of foreign law here pursuant to FRCP 44.1. We are providing notice to River Card that we will be raising the issue. What case says that a party must do that in their answer? I believe that it stands the proposition under the, I don't want to butcher this, but I believe that it's the Matsui Sumitomo Insurance Company case, which clearly provides in the Ninth Circuit that a party that seeks to bring an issue of foreign law before the court must do so with reasonable notice as soon as practicable. We believe that after the close of discovery, in which there would not be ordinarily, Judge Kaczynski, additional time given for discovery under this issue, that this was surprised, that it wasn't reasonable. But there was no request for additional time after notice was given, I take it? I don't believe there was. No statement of what could have been found had there been additional time or anything of that nature, a 56D response? No, there was no 56D request. That's correct. If you lose the statute of limitations point, does that prove to omit your summary judgment argument? I think it does. So that's, it hinges on the summary judgment, on the statute of limitations. I think it does, yes. I don't believe, however, though, the court has ever disposed of our unjust enrichment claim that was brought in the second litigation, which was brought in. That would stand only if there was no contract. This would stand only if there was no contract. And your theory that there's no contract is because they only gave, your client only gave them 800,000 instead of a million? Right. Is there something in the contract that says this contract doesn't come into effect until the million is in there or something along those lines? Yes, I believe that. Where is that? In the plain language of the escrow agreement under conditions 1.12, it says there has to be $1 million deposited and that no funds would ever be distributed or disbursed, I should say, unless there is these conditions present that are satisfied. Does that mean there's no contract? That means there's just a term of a contract that was in existence. There is a formation of a contract, Justice, but we don't believe that those conditions present were ever satisfied whereby there ever could have been a distribution. We believe that we have garden variety, straight up, unadulterated, unjust enrichment here, and the very least, the trial court never disposed of that issue, that claim, finding only that summary judgment was proper in disposing of the breach of contract claims as well as the other tort-based claims that River Card brought at the time it had filed the... You're down to a minute. Okay. I don't think I have anything further. Okay, we'll hear from the other side then. Very good. Thank you. Good morning, Your Honors. My name is Joe Guerin. I represent Scott Patricklin and the Patrickin Law Corporation. Mr. Patricklin is an attorney who practices in Toronto. At the time relevant to this lawsuit, he practiced with the Patrickin Law Corporation. He was representing Post Oak in a transaction with River Card, and a part of that transaction set up an escrow agreement. The escrow agreement provided that Scott Patrickin was not assuming any duties with respect to any other party and that he disclosed that he represented Post Oak. What's your answer to counsel's claim that the contract sort of never came into existence because conditions precedent prevented it from doing so? Your Honor, the parties performed the contract. So the contract... But he's saying it never even came into existence. Actually, it did because the parties recognized it when they performed it. So when Mr. Forman issued his e-mail authorization to release the escrow funds, he was performing the contract. And even that goes back to the original question about what the agreement provides. So the agreement contemplates that the escrow is going to be set up, but the formation of the agreement happens when it's signed by the parties. After that, certain events go through. So when it was formed, that's when the Ontario Choice of Law provision was established, and that's what's important to the summary judgment analysis. What do you think about the Nevada borrowing statute? Your Honor, we think that Nevada recognizes that the parties are free to enter into contracts, and as long as there's not some kind of fraud or scam going on to avoid application of Nevada law, that they're free to enter into a contract that provides for Ontario to control the transaction. And so I think that based on that, we have to look at the agreement and refer back to Ontario law. And in 2002, the Ontario Parliament approved a statute of limitations provision, which in essence says that all claims are subject to a two-year limitation period. So it doesn't matter how they're styled. It's just what does the court look at? They look at where did the claims arise from? What are the transactions and occurrences that gave rise to these? And important to this analysis is if we go back to February 24, 2011, an attorney, Corey Farley, sent a letter to Mr. Patricklin and to the Patricklin Law Corporation, and that first asserted the claims. That's when they were absolutely on notice of these claims, and he said you're responsible for fraud, breach of contract, unjust enrichment, et cetera, and he demanded more than a million dollars from Mr. Patricklin and that it be paid by no later than March 4, 2011. So the first lawsuit was filed June 29, 2012. That was dismissed. There was no appeal. There was no attempt to amend that complaint. And all of those theories were fraud-based theories in essence in violation of securities laws. The second lawsuit that was filed November 15, 2013, and that's important because that's 31 months after Mr. Farley's initial letter, so more than two years. That one alleges these contract theories. The breach of contract, breach of implied covenant, tortious breach of contract, breach of fiduciary duty, negligence and false misrepresentation, violation of securities laws, and unjust enrichment. And those are all claims that arise out of the actual transaction. They're not these fraud-based violation of statute claims. And so Patricklin initially moved for summary judgment, I'm sorry, for dismissal and summary judgment on January 3, 2014 as a first response, and on June 18, 2014, that motion was denied in part and granted in part. On July 2, which is timely with the court rules, Patricklin and Patricklin Law Corp., we filed their answer in affirmative defenses and included defense number 20, which asserts the statute of limitations. Discovery closed about three months later. We again moved for summary judgment as to the remaining claims, and the court granted that motion. What's important, I think, to point out is that if you look at the advisory committee, and I think the focus of their argument is on Rule 44.1, and if you look at the advisory committee notes from 1966, they point out that Rule 8 doesn't apply. There is no specific time requirement for you have to assert this in a first response of pleading. It's not in Rule 12b. It doesn't say it's included with these defenses that can be waived. The interpretation, the case law interpretation, just has to be a reasonable notice. We've cited the Hidden Brooks case, and they approved of notice of foreign law in a motion for summary judgment, and the other cases just indicate it has to be before trial and before the final pretrial, which makes sense. You don't want people to show up at trial and say, aha, I've got a foreign statute that applies. It's also important to point out that River Card did virtually no discovery on this affirmative defense, and when I handle plaintiff cases, typically we send out an interrogatory saying, okay, what statute of limitations applies? Or we send out a request for admission. Please admit that it doesn't apply, and you have to give as a part of your response a factual basis for your statute of limitations defense. There was nothing like that. There was no challenge to affirmative defense number 20. They could have filed a motion to dismiss it and argued that there was no basis for it. That never happened. The agreement, I think it's important to point out, was negotiated with attorneys, and it indicated that Ontario law was going to apply. The reference to the Ontario choice of law provision was included in our very first motion, filed in the original case, which is case 2-12-01150, before Judge Mahan. So for all these reasons, we think that the notice was timely and that the court was proper in granting summary judgment based on the Ontario statute of limitations. Thank you. Thank you. You've got a minute left. I do have another question. Okay. The Nevada borrowing statute, 11.020, doesn't just talk about choice of law. It talks about statute of limitations and says that if there's a cause of action that would be barred in another jurisdiction but it's brought in Nevada, the other jurisdictions' statute of limitations will apply except in favor of Nevada citizens, or something to that effect, which one could read to say that there's a break given to Nevada citizens for a cause of action that would be barred in some other jurisdiction. Judge, I think that the proper interpretation with that statute is you have to go back and look at the conflict of law provisions. Nevada follows the restatement on that. And in essence, if there's not an attempt to somehow scam somebody, then you have to apply the choice of law selected by the parties. And the agreement here was negotiated by attorneys. It's signed by sophisticated business people. And in essence, what it says is that we're going to apply Ontario law. You're saying the choice of law overrules the borrowing statute or overrides the borrowing statute? Indeed. Correct, Your Honor. Unless you have other questions. Thank you. Thank you. We've got about a minute left. Very briefly, on page 13 and 14 of the appellant's opening brief, there is the statement of Patrick Hoon, and I'd like to read from it, in which he admits or he states or testifies escrow had not actually been established because Rivercard had not transmitted $1 million into his trust account, which is a conditioned precedent for establishing escrow. That was answered in an interrogatory. Moreover, in his deposition testimony, he states, and I quote, I believe in the event that the escrow agreement was never brought into effect, my responsibilities as a lawyer in Ontario handling trust funds relating to a transaction, my responsibilities would be to deliver the closing documents. These closing documents were never drafted. He knew it. He misrepresented to Rivercard that these closing documents were drafted, were created, that there were these very important licensing agreements and contracts that had been created, and he misrepresented to Rivercard that this had been done. Okay. Thank you. Thank you, sir. Page 12 of 13
judges: Kozinski, Owens, Wilken